## Rate Consulting Corporation v. Wolfson

*H. L. Winkler*, for plaintiff.

*Louis Shaffer*, for defendant.

FLANNERY, J., December 30, 1942.—Plaintiff sued defendant in assumpsit for $130.93, alleged to be due for services rendered. To the statement of claim the defendant filed an affidavit of defense raising questions of law. Determination of those questions is now before us.

The statement averred that the plaintiff, a Pennsylvania corporation engaged in the business of electric rate analysis, "entered into a certain oral contract whereby the defendant engaged the services of the plaintiff for the purpose of analyzing his contract and method of purchasing electricity to ascertain if any monthly savings could be effected, in consideration of which services the defendant agreed that if as a result of the analysis of the defendant's electric light bills and electric light contract plaintiff would recommend changes to effect a saving for the defendant and the defendant placed such changes in effect effecting a saving, the defendant would pay to the plaintiff 50% of the savings effected for a period of thirty consecutive months beginning with the date of placing in effect the changes recommended by the plaintiff".

Pursuant to that arrangement, the statement sets forth that plaintiff made the analysis, as agreed, and recommended a change in the rate schedule which,

upon adoption and use for 30 months, resulted in a saving to the defendant of $305.64. For one half of this, less a credit of $21.89, suit was brought.

But defendant contends that he was shown nothing which was not always available to him; that the recommendation was not new or novel; "That plaintiff had neither offered nor suggested . . . anything which the Pennsylvania Power & Light Company would not have offered or suggested . . . ," and which in fact the Pennsylvania Power & Light Company readily gave upon application. Wherefore, he prays for judgment in his favor.

To support his position defendant relies on Kast et al. v. Jackson & Moyer, 150 Pa. Superior Ct. 171, which held that recovery could not be had because the suggestion made was not "new or novel".

There the parties entered into a written contract for such services as were supplied here. In the preliminary discussions defendant there advised the consulting corporation that others had recommended installing transformers to effect a saving, which advice had been rejected because of the expense involved. For that reason the consulting company was specifically informed that a recommendation to the same effect would not be considered as embraced in the contract. Subsequently, the consulting company made just that recommendation and when defendants resisted payment they were sustained by the court.

Primarily, that case is authority for the principle that the subject matter of an agreement may be identified by parol evidence without varying the terms of the contract.

The conclusions of the Superior Court there do not support defendant's contention here. There the contract was written. Here it is oral. There the method proposed had been specifically excluded from the application of the contract terms. Here nothing was excluded, the oral arrangement being general.

We have been shown no authority to suggest that the consideration was not adequate, and indeed the court's reasoning in the rate case cited leads us to the conclusion that it was adequate.

The questions of law are decided in favor of plaintiff, and defendant is directed to file an affidavit of defense within 15 days. Otherwise judgment will be entered in favor of plaintiff.